UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| AL-HAROON HUSAIN, | ) CASE NO. 14 MP 90007 |
| | ) |
| RESPONDENT. | ) HON. JACQUELINE P. COX |

**UNITED STATES TRUSTEE'S REPLY TO RESPONDENT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Now comes Patrick S. Layng, the United States Trustee for Region 11, appointed to prosecute the above-captioned disciplinary proceeding pursuant to LBR 9029-4B(B)(8), by and through his attorneys, Jeffrey S. Snell and M. Gretchen Silver, hereby states the following in reply to Respondent's Proposed Findings of Fact and Conclusions of Law:

1.  At the conclusion of trial on February 27, 2015, a schedule was established for the U.S. Trustee to file proposed findings of fact and conclusions of law, Mr. Husain to file a response, and the U.S. Trustee to thereafter reply to Mr. Husain's response.

2.  On March 26, 2015, the U.S. Trustee timely filed his proposed findings of fact and conclusions of law (the "UST Proposed Findings and Conclusions") [Docket No. 37]. The UST Proposed Findings and Conclusions consist of 327 paragraphs spanning 114 pages. Each specific proposed finding and conclusion carefully cites to the evidentiary record and/or legal authority supporting it.[1] The contents of the UST Proposed Findings and Conclusions are objective and fair in every sense.

3.  Rather than respond directly to the UST Proposed Findings and Conclusions, Mr. Husain filed a 70-page document titled "Respondent's Proposed Findings of Fact and Conclusions of Law" (hereinafter, the "Pleading") [Docket Nos. 38 and 39].[2] The Pleading

---

[1] The more general proposed findings and conclusions are premised on the specific findings and conclusions.

[2] Mr. Husain appears to have filed the Pleading two times.

purports to be Mr. Husain's own proposed findings of fact and conclusions of law. In reality, the Pleading is a selective gathering of findings copied from the UST Proposed Findings and Conclusions with key sentences changed, accompanied by a collection of unique assertions that have no basis in the factual record. Mr. Husain apparently did not wish to respond to the unpleasant reality recounted in the UST Proposed Findings and Conclusions, and instead attempted to cloud the proceeding with his Pleading – a factually inaccurate and legally frivolous document.[3]

4.    It is regrettable that this disciplinary proceeding was necessary. It is regrettable that Mr. Husain appeared before this Court, raised his hand, took an oath, and proceeded to testify falsely on multiple, material points. Mr. Husain's Pleading is simply the latest episode of his regrettable conduct, and it serves as a further demonstration of the need for permanent suspension from practice before this Court.

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
UNITED STATES TRUSTEE

DATED: April 30, 2015    BY:    /s/ Jeffrey S. Snell
Jeffrey S. Snell, Trial Attorney
M. Gretchen Silver, Trial Attorney
United States Department of Justice
Office of the United States Trustee
219 South Dearborn Street, Rm. 873
Chicago, Illinois 60604
(312) 886-0890

---

[3] Mr. Husain's Pleading speaks for itself. The factual assertions and analyses in the Pleading are often not based on the evidentiary record, but flow from Mr. Husain's ungoverned and self-serving imagination. Sometimes Mr. Husain cites to a portion of the record that purportedly supports his assertion; sometimes he does not. The legal assertions are uniformly devoid of merit. To debunk the Pleading, paragraph by paragraph, would only cause another long document to congest the docket. Suffice to say, the U.S. Trustee disagrees with most everything in the Pleading (except the portions copied from the UST Proposed Findings and Conclusions that *were not* modified).